NEW JERSEY SUBURBAN WATER COMPANY, PROSECUTOR, v. THE BOARD OF PUBLIC UTILITY COMMISSIONERS ET AL., RESPONDENTS.

Argued October 5, 1938—Decided February 6, 1939.

Before Justices CASE, DONGES and PORTER.

For the prosecutor, McCarter & English (George W. McCarter, of counsel).

For the respondent Board of Public Utility Commissioners, *John A. Bernhard* (*Frank H. Sommer,* of counsel).

For the respondent town of Harrison, *Michael J. Bruder* (*Anthony P. Kearns,* of counsel).

The opinion of the court was delivered by

PORTER, J.    The action of the Board of Public Utility Commissioners, respondents, in the fixing of rate for water sold by New Jersey Suburban Water Co., prosecutor, is before us on a writ of *certiorari* for review.

The order of the board in question was made under date of October 4th, 1937, and fixed a rate of $99 per million gallons as the just and reasonable rate to be charged by the prosecutor.

It is the contention of the prosecutor that this order should be set aside because the conclusions of the board were improperly arrived at, in that the valuation of the prosecutor's property as a rate base was contrary to the facts; as was also the amount of depreciation, its value as a going concern and its operating expenses, so that a fair return on its investment is not provided in the rate fixed.

It is also the contention that the said rate amounts to confiscation and deprives the prosecutor of its property without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States.

The petition of the water company to the board for an increase in the rate raised issues of fact as to the right of the petitioner for the relief prayed for. It had the burden of establishing its case. The evidence was conflicting. Much of it was given by experts. The board is a fact-finding body and its function was to weigh the evidence, ascertain the facts and upon the same to fix a rate which would bring a fair and just return to the utility for the service rendered.

A careful examination of the testimony satisfies us that the board was justified in its conclusions. No useful purpose is to be served in reviewing the testimony. Suffice it to say, that in our opinion there was ample testimony to support its findings as a reasonable conclusion and, therefore, this court

cannot substitute its judgment for that of the board. *Cf. West Jersey and Seashore Railroad Co.* v. *Board of Public Utility Commissioners,* 8 *N. J. Mis. R.* 212; 149 *Atl. Rep.* 269; *Fornarotto* v. *Board of Public Utility Commissioners,* 105 *N. J. L.* 28.

In considering what was a fair return for the petitioner it developed that its business had been greatly curtailed in recent years and that it was serving but two customers, the town of Harrison and the East Newark Realty Co., a relatively small user, and that its facilities were much in excess of its present requirements. In fixing the base values for rate-making purpose the board was justified in finding the present value of only that portion of the property which was used and useful, having regard to the value of the service rendered. *Cf. Borough of Ben Avon* v. *Ohio Valley Water Co.,* 103 *Atl. Rep.* 744 *(Pa.)* ; *San Diego Land and Town Co.* v. *Jasper,* 189 *U. S.* 439; *Long Branch Commission* v. *Tintern Manor Water Co.,* 70 *N. J. Eq.* 71; *Spring Valley Waterworks Co.* v. *San Francisco,* 165 *Fed. Rep.* 667.

It appears that the board took into consideration comparative rates allowed for the sale of water in adjacent communities as an "indicia of what may be termed reasonable value of the services and on the average the board finds no rate existing in excess of $99 per million gallons." The prosecutor contends that the board considered cases not comparable and excluded testimony offered of really comparable situations. The comparability of other rates and the weight such testimony is to have is within the sound discretion of the board. *Cf. Public Service Gas Co.* v. *Board of Public Utility Commissioners,* 84 *N. J. L.* 463; *Pennsylvania Power and Light Co.* v. *Public Service Commission,* 193 *Atl. Rep.* 427.

Having concluded that the testimony justified the board in fixing the rate complained of, it follows that there is no merit in the allegation of confiscation of property without due process of law.

The decision or order of the board is sustained and the writ is dismissed, with costs.